Exhibit "A"
B-1

**Administrative Remedy No. 1171601-A1**
**Part B - Response**

You appeal the June 6, 2023, decision of the Discipline Hearing Officer (DHO) regarding incident report number 3767571, where you were found to have committed the prohibited act of Code 110, Refusing a Drug/Alcohol Test. You contest the finding of guilt and contend that, even though you did not provide the sample to the staff member, who initiated the urine screening, you did provide one to the Lieutenant at the time you were escorted to the Lieutenant's Office. You state the DHO violated your right to Due Process by finding you committed the prohibited act. For relief, you request the incident report be expunged and sanctions be restored.

Our review of your disciplinary proceedings reveal your DHO report adequately supports the decision rendered by the DHO. According to Program Statement 5270.09, <u>Inmate Discipline Program</u>, disciplinary procedures were substantially followed. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded an opportunity to request a staff representative and witness statements. Your witness statement is documented within the DHO report. You were afforded the right to present a statement and submit documentary evidence. Your statements throughout the disciplinary process are documented within the DHO report. The DHO's decision was based upon the evidence detailed in Sections III and V of the DHO report, which includes the eyewitness account of the reporting officer, a Chain of Custody form, a witness statement, and your statements during the disciplinary process. The DHO clearly documented the reasoning as to why it was felt the elements of the offense were met. The sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Accordingly, your appeal is denied.

December 11, 2023
Date

Timothy Barnett, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Exhibit "A" A-3

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __SHANNON, DARRIUS T.__  __47145-044__  __9__  __MCFP SPRINGFIELD__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

## Part A - REASON FOR APPEAL

I am dissatisfied with Regional Director, Andre Matevousian's determination of my Regional Administrative Remedy Appeal. Director Matevousian failed to consider that the DHO abused its discretion where the DHO broaden the standard in Program Statement 6060.08 <u>Urine Surveillance and Narcotic Identification</u> to include the requirement/element that the inmate must provide the urine sample in the allotted time frame to the staff at the camp (the staff that initiated the process of collecting the urine sample). DHO: "... you was give [sic], a seconded [sic], by Lieutenant Johns ... that does not take away from the fact that you did not provide a **sample in the time frame for the staff at the camp ...**". (Emphasis added). See DHO Report Item V, last three lines of the tenth paragraph. The DHO seems to be saying that it is undisputed that the inmate provided an urine sample within the allotted two-hour window. However, the inmate did not provide a sample to the staff at the camp. Adding this addition requirement is arbitrary, caprious and an inappropriate expansion of the requirements of said program statement. This violates the inmate's right to due process. There is absolutely no mention/requirement that the sample must be provided to the initiating staff member. Only that it must be provided within the allotted two-hour

-- CONTINUED ON ATTACHMENT --

__10/23/23__              _Darrius Shannon_
DATE                       SIGNATURE OF REQUESTER

## Part B - RESPONSE

RECEIVED
NOV 02 2023
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE            GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

---

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE      Case 6:24-cv-03032-BP    Document 1-1 SIGNATURE OF RECIPIENT Filed 01/26/24 CENTRAL OFFICE APPEAL Page 2 of 4

UPN LVN                PRINTED ON RECYCLED PAPER            BP-231(13) JUNE 2002

## ATTACHMENT

window. Program Statement, relevant part: "... An inmate is presumed to be unwilling if the inmate fails to provide a urine sample within the allotted time period ...". In the instant case it is undisputed that the inmate did provide a urine sample in the allotted time period. To allow the DHO's decision to stand with its expanded element would violate the inmate's Due Process Rights because he has a liberty interest in the (41) days of Good Conduct Time that were disallowed. Therefore, the inmate should be exonerated of the 110-Refusing Drug/Alcohol test where there is no requirement that he only provide the urine sample to the staff at the camp. The DHO violated the inmate's due process rights in finding that an additional element was required. The DHO's decision should be reversed and all sanctions should be lifed. The DHO in this case also should be retrained. Thank you for your fair consideration of my appeal.

DARRIUS SHANNON
REG. NO.: 47145-044
MEDICAL CENTER FOR FEDERAL PRISONERS
P.O. BOX 4000
SPRINGFIELD, MO 65801

RECEIVED
2024 JAN 26 PM 12:50
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
UNITED STATES COURTHOUSE
400 E. 9TH STREET
KANSAS CITY, MISSOURI 64106
ATTENTION: PRISONER PRO SE OFFICE

SCREENED B*
U.S. MARSHALS

